# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

                          CASE No. 21-03520-MCF/C.NG

MIGUEL ANGEL ELVIRA SANTANA
LIDUVINA DE JESUS RIVERA         CHAPTER 13
  DEBTOR

_____

## PRE-TRIAL REPORT

TO THE HONORABLE COURT:

COMES NOW, Creditor, CONDOMINIO PINE GROVE (the "Creditor") and MIGUEL ANGEL ELVIRA SANTANA AND LIDUVINA DE JESUS RIVERA (the "Debtors"), represented by their respective undersigned attorneys and to this Honorable Court very respectfully states and prays that:

1.  On November 29, 2021, the Debtors filed for Bankruptcy Relief. Docket No. 1.

2.  On June 22nd, 2023, this Honorable Court entered an order instructing the parties to present the pre-trial report. Docket No.151.

## I.  Legal Representation

    **1.  Counsel for CONDOMINIO PINE GROVE:**

       Rafael A. González Valiente
       USDC 225209
       Godreau & Gonzalez Law, LLC
       P.O. Box 9024176
       San Juan, PR 00902-4176
       787-724-0230
       Email: rgv@g-glawpr.com

    **2.  Counsel for Debtors:**

Juan M. Suárez-Cobo
Legal Partners, PSC.
Urb. Crown Hills,
138 Winston Churchill Ave., PMB 316
San Juan, PR 00926-6013
Phone: 787 791-1818 and Fax: 787-791-4260
Email: suarezcobo@gmail.com

## II.  Theory of Arguments

### *1.* Condominio Pine Grove:

The Law of Horizontal Property, Law 129-2020, states on its article 60 "that owner's obligation to his proportional part of the common expenses constitutes a lien over the property." There is no requirement that any document be filed in the Property Registry.

Condominium has a valid first rank lien over Debtor's property according to article 60 of Law 129-2020. This is a legal garnishment on the property therefore it cannot be stripped.

Condominium also presented in the property registry a garnishment of the property for the amounts owed.

Debtor alleges that in order for the lien to be valid, it needs to be registered in the Property Registry. Debtor alleges that the lien "is not self-perfecting". See Docket No. 95, p. 5. The problem is, that the lien IS actually registered in the Property Registry over the property.  This provides a valid statutory lien in accordance with the applicable law.

Debtors have not paid the maintenance fees and insurance for the property since 2014.

### 2. **The Debtors:**

The Debtors are the owner of a residential property, which is their home and only property, "the home". The Debtors claimed this property exempt in the amount of $25,000 pursuant to 11 U.S.C. 522(d)(1). The claimed exemptions were never objected, and are now final.

The Home is encumbered with a recorded first lien, a reverse mortgage, with a balance of $466,189.99 as of January 14, 2022, represented by Proof of Claim number 6, "the reverse mortgage".

The Home is also encumbered by a recorded junior judicial lien in favor of Condominio Pine Grove, in the amount of $14,119.41, plus interest and other amounts, "the judicial lien". The judicial lien was created by virtue of an order issued by the First Instance Superior Court of Carolina, in the case of Consejo de Titulares del Condominio Pine Grove v. Elvira Santana, et als., FCM2016-1527. Condominio Pine Grove filed Proof of Claim No.7, which was objected at Docket No.110, the "Objection to Claim". This Honorable Court ruled on April 24, 2023, Docket No. 130, that Pine Grove's was only partially

secured with respect to the judicial lien in the amount of $14,119.41.

The property taxes owed as of December 12, 2021, are represented by Proof of Claim number 5, "the CRIM debt".

On April 13, 2022, the Debtors filed a motion requesting to set the value of the Home, see Docket entry no. 36. The Debtors filed, on September 20, 2022, an appraisal at Docket entry no. 94, in which the property was appraised at $400,000.

On February 13, 2023, Docket entry no. 111, the Debtors filed a motion to avoid the judicial lien pursuant to 11 U.S.C. §522(f), as the judicial lien impaired the Debtors' homestead exemption.

This Honorable Court ruled on April 24, 2023, Docket entry no. 130, that Pine Grove was only partially secured with respect to the judicial lien in the amount of $14,119.41, declaring that there was no statutory lien. This ruling did not value the Home.

It is the Debtors' position that the judicial lien impairs the Debtors' Homestead Exemption, and that accordingly avoiding it pursuant to 11 U.S.C. 522(f) is proper and requested; and that the judicial lien is only partially secured, pursuant to 11 U.S.C. 506, in an amount equal to the agreed valuation of the property, the Home, after deducting all liens that are senior to to Condominio Pine Grove's judicial lien, and accordingly it is

property to strip-down the lien to the value of the secured portion.

In the alternative, the judicial lien is completely unsecured pursuant to 11 U.S.C. 506, because to the agreed valuation of the property, is less than the sum of the liens that are senior to Condominio Pine Grove's judicial lien, and accordingly a strip-off of the lien is proper.

It is Debtors' position that upon the agreed valuation of the Debtors' property, the Home, there are no real facts in controversy, as the facts are mostly judicial facts and procedures and/or preserved in written form. These facts are not subject to interpretation, and are proper for summary disposition.

### III. <u>Statement of the Issues:</u>

#### <u>Condominio Pine Grove</u>:

Whether Debtor can Strip-Off a valid and recorded lien in favor of Consejo de Titulares Condominium Pine Grove and/or whether the Consejo de Titulares has a valid statutory lien in nature that may not be stripped.

#### <u>The Debtors:</u>

Whether the judicial lien impairs the Debtors' Homestead Exemption and avoidance is proper pursuant to 11 U.S.C. 522(f) as requested by the Debtors.

Whether the judicial lien can be stripped-down to the agreed valuation of the property, the Home, after subtracting all senior liens, as proposed by the Debtors' plan.

Whether the judicial lien can be stripped-off, taking into consideration the agreed valuation of the property, the Home, is less than the sum of the liens that are senior to Condominio Pine Grove's judicial lien, as proposed by the Debtors' plan.

This Honorable Court ruled on April 24, 2023, Docket entry no. 130, that the Pine Grove's is only partially secured with respect to its interest created by the judicial lien in the amount of $14,119.41.

## IV.  **Joint Statement of Uncontested Facts:**

1.  On January 26th, 2022, creditor, Condominium Pine Grove, filed Claim number 7.

2.  The pre-petition debt to Creditor is $22,451.68.

3.  That Creditor presented a judicial lien over the property on September 11, 2019.  This attachement was presented pre-petition, **by virtue of an order issued by the First Instance Superior Court of Carolina, in the case of <u>Consejo de Titulares del Condominio Pine Grove v. Elvira Santana</u>, et als, FCM2016-1527.)**

4.  The parties agreed to stipulate that the valuation of the property is $467,189.99, for purposes of these contested matters, to wit the Lien Avoidance pursuant to 11 U.S.C. 522(F) and the Strip-Down and/or Strip-Off proposed by the Debtors'

plan.

5. The Parties Stipulate the content of the title search/study attached to proof of claim number 6.

6. The Parties Stipulate that the Court can take judicial knowledge of the documents existing on docket.


## V.  **List of Witnesses:**

1. Creditor –

a)  Representative of the Association which can testify as to the amounts owed and the lien presented on the property registry. (If needed.)

* Movant reserves the right to announce additional witnesses and/or to substitute witnesses for cause should it become necessary, and with sufficient notice prior to the hearing.

2. Debtor –

a)Mrs. Liduvina De Jesús Rivera. She Will testify as to any matter pertaining to the schedules, and this contested matter necessary to establish the lien avoidance and/or the strip down and/or the Strip-off of the judicial lien.

b)The Debtors reserve the right to call as adverse witnesses any witness which may appear on creditor's list of witnesses, including any employee and/or agent of the creditor.

c)The Debtors also reserve the right to further supplement this list and announce additional witnesses and/or to substitute witnesses for cause should it become necessary, and with sufficient notice prior to the hearing.

## VI.  **Exhibits:**

**Creditor – Consejo de Titulares Pine Grove**

a) All documents filed in the Main Bankruptcy Case.

b) All documents produced by Movant to the extent not objected to by the Debtors.

c) All documents to be used for rebuttal and impeachment purposes.

d) All documents evidencing the debt from Debtors to creditor.

e) All documents which pertain to the allegations contained in the motions filed in the contested matter.

f) All witness statements and/or sworn statements by any party or non-party which pertain to the allegations contained in the contested matter.

g) The Debtors' books and records.

h) Creditor's books and records.

* Movant reserves the right to announce additional evidence and/or to substitute evidence for cause should it become necessary, and with sufficient notice prior to the hearing.

1. Debtor –

a. Title search/study attached to proof of claim number 6.

b. Voluntary Petition and Schedules, Docket entry no. 1.

c. Plan filed at Docket entry no. 2.

d. Amended Schedules at entry no.47 and 140

e. Plan filed at Docket entry no. 48.

f. Proofs of Claim and amended proofs of claim filed in this bankruptcy case.

The Debtors reserve to use as exhibits as additional evidence and/or to substitute evidence:

g. All documents filed in the Main Bankruptcy Case.

h. All documents produced by Debtor to the extent not objected to by the Creditor.

i. All documents to be used for rebuttal and impeachment purposes.

j. All documents which pertain to the allegations contained in the motions filed in the contested matter.

k. All witness statements and/or sworn statements by any party or non-party which pertain to the allegations contained in the contested matter.

l. Creditor's books and records.

m. Creditor's documents described in Creditor's exhibit list and any and all exhibits to be used by creditor during trial.

n. The Debtor reserves the right to announce additional evidence and/or to substitute evidence for cause should it become necessary, and with sufficient notice prior to the hearing.

## VII. <u>Objections to Admisability:</u>

All evidence presented by the parties will need to be authenticated pursuant to applicable Rules of Evidence and is subject to objection by opposing party, unless herein stipulated.

## VIII. <u>Memoranda of Law:</u>

**Creditor – Consejo de Titulares Pine Grove**

Debtor is the owner of a property located in Condominio Pine Grove in Carolina, Puerto Rico. See Schedule A.

Condominium is a secured creditor with a statutory lien in the amount of $22,451.68, with an additional registered lien in the amount of $14,119.41 (See POC 7-2). This claim is secured by the aforementioned property.

According to the Law of Horizontal Property, Law 129-2020, states on its article 60 "that owner's obligation to his proportional part of the common expenses **constitutes a lien** over the property."

On its article 39 (6), Law 129-2020, states that "Every owner must contribute in accordance with the percentage of participation fixed to his apartment in the deed of incorporation, and to what is specially established, in accordance with subsection (f) of Article 49 of this Law, to the common expenses for the adequate maintenance of the property, its services, taxes, charges and responsibilities, including spills, insurance premiums, the reserve fund, or any other expenditure duly approved by the Council of Holders."[1]

The same law on its article 59, states the obligation to

---

[1] Todo titular deberá contribuir con arreglo al porcentaje de participación fijado a su apartamento en la escritura de constitución, y a lo especialmente establecido, conforme al inciso (f) del Artículo 49 de esta Ley, a los gastos comunes para el adecuado sostenimiento del inmueble, sus servicios, tributos, cargas y responsabilidades, incluidas las derramas, primas de seguros, el fondo de reserva, o cualquier otro gasto debidamente aprobado por el Consejo de Titulares.

contribute to cover the costs of administration and conservation. "The owners of the apartments are obliged to contribute proportionally to the expenses for the administration, conservation and repair of the general common elements of the property and, where appropriate, of the limited common elements, as well as to any more legitimately agreed."[2]

Article 60, creates a lien over the apartment to guarantee the proportional payment of the common expenses. Therefore, the owners' obligation towards the common expenses will constitute a lien over the property. This article creates an implied legal mortgage over the property according to the percentage of participation of said property.

The law states on its article 60 "that owner's obligation to his proportional part of the common expenses constitutes a lien over the property."

As professor Godreau states in his book The New Horizontal Property Law:

"There must exist no doubt that our legislator has always seen the responsibility to contribute to the maintenance and conservation expenses of a property as a very special debt,

---

[2] Los titulares de los apartamentos están obligados a contribuir proporcionalmente a los gastos para la administración, conservación y reparación de los elementos comunes generales del inmueble y, en su caso, de los elementos comunes limitados, así como a cuantos más fueren legítimamente acordados.

denoted with a high public interest."[3]

"The important character with which the legislator has provided the maintenance debt of a condominium that prevents the acceptance of interpretations that weaken the mechanisms that guarantee their collection."[4]

In the present case, the Creditor has a valid and enforceable statutory lien over the property, which by virtue of the Horizontal Property Laws may not be invalidated.

Nevertheless, Condominium presented in the property registry an attachment over the property for the amounts owed in support of its statutory lien and to secure the judgment obtained in its favor. See Exhibit 1 – Title Study 2022. This is a legal attachment over the property therefore it cannot be stripped.

Condominium has both, a valid legal and judicial perfected lien over debtors' property that cannot be avoided since Debtors have not paid the maintenance fees and insurance for the property since 2014.

The amounts owed are guaranteed the property described below:

> URBANA: PROPIEDAD HORIZONTAL: Apartment number C forty-three located on the fourth floor of Building C of Pine

---

[3] No debe caber duda de que nuestro legislador ha visto siempre esta responsabilidad de contribuir a los gastos de conservación y mantenimiento del inmueble como una deuda muy especial, revestida de interés público.
[4] El carácter especial con que el legislador ha dotado la deuda de mantenimiento en un condominio impide aceptar interpretaciones que debiliten los mecanismos que garanticen su cobro.

Grove Apartment with an area of one thousand four
hundred twenty-seven square feet, equivalent to one
hundred thirty three square meters, bounding on the
SOUTH, with the common lobby area on said floor, in
nineteen feet; on the EAST, in an irregular line with
apartment C-forty four as follows in thirty three feet
due North turning at an angle of ninety degrees East,
in nine feet turning at an angle of ninety degrees
North, in three feet, turning at an angle of forty-five
degrees Northwest in four feet turning at an single of
ninety degrees Northeast, in fourteen feet ending at
the exterior wall of the building; on the NORTH and
WEST, in a circular line in seventy five feet with the
parcel of land herein before described. This apartment
consists of living dining combination a kitchen, three
bedroom, two bathrooms and a balcony. It has two
entrance doors, one which communicates the living
dining room with the common lobby area on side floor,
and the other which communicates the kitchen with said
lobby. The common lobby area leads to a throughfare.
Debtor is in default for the amount of $10,536.22.

The property described above, guarantees the amounts that
are the subject of the instant motion at present Case.

The Judicial/Statutory Lien in favor of Condominium for
$22,451.68, is not an impairment for the exemption.

To determine the application of § 522(f) they ask not
whether the lien impairs an exemption to which the debtor is in
fact entitled, but whether it impairs an exemption to which he
would have been entitled but for the lien itself. Owen v Owen,
500 U.S 305, 111 S. Ct. 1833 (1991)

Debtors must have some equity in the property encumbered by
judicial lien in order to be able to avoid lien as impairing
exemption to which they would other else be entitled. Bankr.

Code 11 USCA § 522 (f)(1). <u>In re DeLiquori</u>, 146 B.R 52 (Bankr. D.N.H. 1992).

As stated by the Supreme Court <u>Owen v. Owen</u>, supra, the Debtor must have more than "bare legal title to his house" in order to be able to avoid a judicial lien pursuant to §522.

Since the debt on the first mortgage over the property is lower than the stipulated value of the property – the property has equity to cover the statutory lien and the attachment.

Notwithstanding, if the stipulated value of the property does not exceed the liens held by the moving creditor – after moving creditor's liens there is no equity in the property. Debtor only has a "bare legal title" to the property. Thus, the estate has no interest in the property and "an interest that is not possessed by the estate cannot be exempted". Id. The judicial lien would not and cannot affect Debtor's "exemption" since there is no interest in the property to exempt at all. The judicial lien simply cannot be avoided pursuant to §522(f). In this case, removing the Judicial Lien does not benefit the Debtor as is required §522(f)(2), in order to avoid it.

Even more, Debtor also has to prove that the property's value is less than the outstanding debt on all other senior liens. <u>In re Heritage Highgate, Inc.</u>, 679 F.3d 132, 139-40 (3d Cir. 2012); <u>D'Angelo v Blue Chip Fed. Credit Union (In re</u>

*D'Angelo)*, 494 BR 639 (Bankr. MDPa, 2013) ("Debtors, as challengers of the secured claim's value, bear the initial burden in a § 506 action.") The value of the property is higher than the outstanding debts of the senior liens.[5]

1. **Debtor**

   **Creditor does not hold a statutory lien**

   Preliminarily, the orders, opinions, conclusions of fact, conclusions of law and rulings issued by this Court during the long and protracted story of this case, draw the boundaries of the controversy and prevents creditor from re-litigating matters that have been ruled upon.

   This Honorable Court ruled on April 24, 2023, Docket entry no. 130, that the Pine Grove's was only partially secured with respect to the judicial lien in the amount of $14,119.41, declaring that there was no statutory lien. This ruling did not value the Home. Accordingly, it is unnecessary to repeat arguments presented in the Debtors' objection to claim, Docket entry no. 110, which we include by reference as if fully repeated herein, that resulted in the order at Docket entry no. 130.

   **Avoidance Pursuant to 11 U.S.C. 522(f)**

---

[5] *McKinney v JP Morgan Chase Bank (In re McKinney)*, 501 BR 338 (Bakr. EDMich, 2013); *Richards v. Cmty. Choice Credit Union (In re Richards)*, 501 B.R. 326 (Bankr. EDMich, 2013); *In re Lampert*, 61 BR 785 (Bankr. WDWis, 1986).

Avoidance of a judicial lien is a core proceeding pursuant to 28 U.S.C. Section 157. Pursuant to the formula set forth in 11 U.S.C. 522(f)(2), the judicial lien held by Pine Grove impairs the claimed exemption to the full extent of the judicial lien.

Section 522(f)(1)(A) of the Bankruptcy Code gives a debtor an unqualified right to avoid any judicial lien that impairs a property exemption, the only exception to this rule being liens arising out of domestic support obligation debts.

The Bankruptcy Code defines the term "judicial lien" broadly. For purposes of the Bankruptcy Code a judicial lien is a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding, such as the real estate attachment in this case. 11 U.S.C. §101(36).

Section 522(f)(2) sets forth a general arithmetic formula to determine whether a judicial lien can be avoided. This section specifies that a judicial lien is avoidable to the extent that the lien, plus all other liens, plus the amount of the exemption the debtor could claim if there were no liens on the property, exceeds the value that the debtor's interest would have in the absence of any liens.

As intended by Congress when it drafted Section 522(f)(2), the language of the section means that even a debtor who has no equity in a property may still avoid liens on the property:

*"...where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is trying to avoid.... Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien that attached to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the lien. The formula in the section would make clear that the liens are avoidable"* 140 Cong. Rec. H 10,769 (October 4, 1994).

In the instant case, it is uncontested that Creditor recorded a judicial lien over Debtors' residential property at the Property Registry. The property has a first lien which as per Proof of Claim 6 amounts to $466,189.99, and a CRIM statutory lien represented by Proof of Claim 5 in the amount of $3,028.52 with secured classification. The parties to these contested matters agreed to stipulate that the valuation of the property is $467,189.99, for purposes of these contested matters, to wit the Lien Avoidance pursuant to 11 U.S.C. 522(F) and the Strip-Down and/or Strip-Off proposed by the Debtors' plan. The Debtors claimed a homestead exemption on their real property for $25,000 that is now final, as it has not been objected. Pursuant to the

arithmetic formula established in Section 522(f)(2) of the Bankruptcy Code, the liens encumbering the Debtors' residential property plus the Debtors' homestead exemption total $467,189.99. The value of the Debtors' residential property is less than the debt that encumbers the property as they exceed the value of the property in the absence of any liens. Consequently, the judicial lien recorded by Creditor over the Debtors' property is avoidable in its entirety.

**<u>Strip-Off and Strip-Down</u>**

The value of a secured claim is governed by 11 U.S.C. §506(a) of the Code. Section 506(a) governs the determination of whether any portion of a creditor's claim should be classified as a secured claim:

(a)

(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in

light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

The Supreme Court in <u>Assocs. Commercial Corp. v. Rash</u>, 520 U.S. 953 (1997), explained that a claim is divided into two parts, secured and unsecured.

*"[A] secured creditors' claim is to be divided into secured and unsecured portions, with the secured portion of the claim limited to the value of the collateral. . .. To separate the secured from the unsecured portion of a claim, a court must compare the creditor's claim to the value of 'such property,' i.e., the collateral."*

Section 1322 of the Bankruptcy Code provides that the debtors' Chapter 13 plan may modify the rights of holders of most secured claims, other than some claims secured only by a security interest that is the debtors' principal residence. "The plan may—modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." 11 U.S.C. §1322(b)(2).

The scope of section 1322(b)(2) includes creditors whose

claims are wholly or partially secured by the debtors' principal residence. The U.S. Supreme Court has interpreted that among the secured creditors whose claims cannot be modified under the aegis of section 1322(b)(2) are creditors whose claims are partially secured, namely claims that can be stripped down to the value of the collateral under section 506(a). <u>Nobelman v. American Savings Bank</u>, 508 U.S. 324 (1993).

Nonetheless, the U.S. Supreme Court holding in <u>Nobelman</u>, does not apply in cases where a junior mortgage is totally under secured due to the fact that senior liens equal or exceed the value of Debtors' principal residence. When a creditor, after bifurcation of its claim under section 506(a), holds only an unsecured claim, it is not the holder of a secured claim and does not come under the limitations set forth in section 1322(b)(2) of the Bankruptcy Code. <u>In re Mann</u>, 249 BR 831 (B.A.P. 1st Cir. 2000).

The <u>Nobelman</u> Court held that to determine whether creditors are holders of secured claims that are entitled to protection from modification under §1322(b)(2), a trier of fact must first look to §506(a) for a valuation of the secured and unsecured components of the claim. If no value supports the claim based on the §506(a) analysis, the holder of an underwater lien does not have a secured lien and thus the lien may be modified under

§1322(b)(2). The strip off and avoidance of an underwater mortgage in Chapter 13 is not realized by means of §506(d) but through the application of §1322(b)(2) of the Bankruptcy Code. Notwithstanding, <u>Nobelman</u> is inapplicable in this case, as creditor's judicial lien is not statutorily protected as it excepted by 11 U.S.C. §1322(c)(2)

IX. **Estimated time of trial:**

    1.   Firstbank Puerto Rico

        - 2 hours.

    2.   Debtors
        - 3 hours

    **WHEREFORE**, based on the foregoing, it is respectfully requested that the Court take note of the above and deem parties in compliance with this Honorable Court's Orders.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, US Trustee's Office, Ochoa Building, 500 Tanca Street, Suite 301, San Juan, Puerto Rico 00901.

    In San Juan, Puerto Rico, this 18th day of September, 2023.


**LEGAL COUNSEL FOR DEBTORS:**

**LEGAL PARTNERS, P.S.C.**
Urb. Crown Hills
138 Winston Churchill Ave. PMB 316
San Juan, PR 00926-6013
Tel. 787-791-1818 & Fax (787) 791-4260

***/s/Juan Manuel Suárez Cobo***
By: Juan Manuel Suarez Cobo
USDC-PR 211010
Email: <u>suarezcobo@gmail.com</u>


/s/Rafael A. González Valiente
RAFAEL A. GONZÁLEZ VALIENTE
Attorney for Creditor
USDC-PR 225209

**Godreau & Gonzalez Law, LLC**
PO Box 9024671
San Juan, PR 00902-2512
Tel. (787) 726-0077
e-mail: <u>rgv@g-glawpr.com</u>