IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 21-03520-MCF13 |
| MIGUEL ANGEL ELVIRA SANTANA | Chapter 13 |
| LIDUVINA DE JESUS RIVERA | |
| xx-xx-5859 | |
| xx-xx-8034 | |
| Debtor(s) | FILED & ENTERED ON DEC/11/2023 |

OPINION AND ORDER

The contested legal issue pending resolution in the instant case is whether the Condominio Pine Grove's judicial lien of $14,119.41 may be stripped-off, either pursuant to 11 U.S.C. 522(f) or because it is a wholly unsecured claim pursuant to 11 U.S.C. § 506(a) as requested by the Debtor.

The parties agreed that the valuation of the property is $467,189.99, in their joint pre-trial report (Docket No 154 at 6). The property is encumbered by a first lien with Reverse Mortgage Funding, in the amount of $466,189.99 (Proof of Claim number 6-2). The CRIM filed claim number 5-1, with a secured portion in the amount of $3,028.52. The Condominio Pine Grove (HOA) filed claim number 7-2 which pursuant to court order (Docket No. 130) is partially secured in the amount of $14,119.41 with respect to the security interest created by a judicial lien.

The extent of secured status afforded a claim in bankruptcy is governed by Section 506 of the Bankruptcy Code. 11 U.S.C. § 506.

> 'The effect of §506(a) is that 'a claim that is 'secured' under commercial law [may or may not be] a 'secured claim' in the context of the Bankruptcy Code.' Johnson v. Asset Management Group, LLC (In re Johnson), 226 B.R. 364, 366 (D. Md. 1998).

>Rather, pursuant to §506(a), a claim is deemed secured only to the extent of the value of the creditor's interest in the debtor's interest in the subject collateral. Accordingly, an allowed secured claim cannot exceed the value of the collateral.'

In re Mann, 249 BR 831, 834 (B.A.P. 1st Cir. 2000).

To determine if the value of the Debtor's collateral is sufficient to cover the HOA's claim, we use the following mathematical equation. The amount of the first mortgage and the CRIM's (property tax) claim are subtracted from the value of the property which results in no equity left for HOA's judicial lien. In other words, $467,189.99 (property value) minus $466,189.99 (first ranking lien) minus $3,028.52 (property tax lien) equals an equity of negative (-$2,028.52). As such, the HOA's claim has no collateral in support of its secured claim.

Given that it has no basis or equity to support its secured claim, it is a wholly junior unsecured claim. A wholly unsecured claim is not entitled to the protection of the anti-modification provision for debtor's principal residence in a chapter 13 case and may be stripped. 11 U.S.C. § 1322(b)(2); Nobelman v American Savings Bank, 508 U.S. 624 (1993); Mann, 249 B.R. at 838. Consequently, with no collateral in support of its secured claim, Condominio Pine Grove's HOA claim number 7-2 is deemed completely unsecured, pursuant to 11 U.S.C. § 506(a). Because the claim is wholly unsecured, there is no need to address the legal issue of whether the judicial lien is impairing the Debtor's homestead, pursuant to 11 U.S.C. § 522(f).

Based on the legal discussion, it is hereby ordered that Condominio Pine Grove's HOA claim number 7-2 is an allowed unsecured claim in its entirety.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11 day of December, 2023.

Mildred Caban Flores
United States Bankruptcy Judge