IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>MIGUEL ANGEL ELVIRA SANTANA<br><br>LIDUVINA DE JESUS RIVERA<br><br><br>xx-xx-5859<br><br>xx-xx-8034<br><br>        Debtor(s) | CASE NO. 21-03520-MCF13<br><br>Chapter 13 |

FILED & ENTERED ON JUN/13/2024

ORDER

Given that the Debtor agrees to a chapter 7 conversion (Docket No. 220 at 10), the case is hereby converted to chapter 7. The Chapter 13 Trustee is ordered to retain funds to pay the homeowner's association its administrative claim for post-petition fees of $290.00 monthly for 31 months (December 2022 through June 2024), a total of $8,990.00 (Docket No. 190 at 7).

Section 1326(a)(2) of the Bankruptcy Code provides that if a plan is not confirmed, the trustee is to return all plan payments to the debtor, after deducting any unpaid claim allowed under 11 U.S.C. § 503(b). 11. U.S.C. § 1326(a)(2). In Harris v. Viegelahn, 135 S. Ct. 1829 (2015), the Supreme Court of the United States ruled that in a confirmed chapter 13 case that converts to chapter 7, the trustee's service is terminated upon conversion with no duty, right, or ability to distribute to creditors any funds that are still held on hand, pursuant to 11 U.S.C. § 348(e). However, we point out that the Harris decision is not applicable in the instant case since here we have a

conversion before confirmation. Thus, we direct the trustee to pay such expenses before returning payments to the Debtor.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13 day of June, 2024.

Mildred Caban Flores
United States Bankruptcy Judge