IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 21-03520 (MCF) |
| LIDUVINA DE JESUS RIVERA | |
| Debtor | Chapter 7 |

**OPINION AND ORDER**

The Debtor, Liduvina de Jesus Rivera, is requesting a stay pending appeal of our order converting her chapter 13 case to a chapter 7 and requiring the chapter 13 trustee to pay accumulated post-petition homeowners association (HOA) fees that were due and not paid by the Debtor as part of her living expenses (Docket No. 259).[1] This expense is customarily listed as part of ongoing monthly expenses on Part 2, number 4d of Schedule J reflected as homeowner's association or condominium dues. Our order reads as follows:

> Given that the Debtor agrees to a chapter 7 conversion (Docket No. 220 at 10), the case is hereby converted to chapter 7. The Chapter 13 Trustee is ordered to retain funds to pay the homeowner's association its administrative claim for post-petition fees of $290.00 monthly for 31 months (December 2022 through June 2024), a total of $8,990.00 (Docket No. 190 at 7). Section 1326(a)(2) of the Bankruptcy Code provides that if a plan is not confirmed, the trustee is to return all plan payments to the debtor, after deducting any unpaid claim allowed under 11 U.S.C. § 503(b). 11. U.S.C. § 1326(a)(2). In Harris v. Viegelahn, 135 S. Ct. 1829 (2015), the Supreme Court of the United States ruled that in a confirmed chapter 13 case that converts to chapter 7, the trustee's service is terminated upon conversion with no duty, right, or ability to distribute to creditors any funds that are still held on hand, pursuant to 11 U.S.C. § 348(e).

---

[1] The case initiated with two debtors. Co-Debtor, Miguel Angel Elvira Santana's case was dismissed after he passed away and counsel requested a voluntary dismissal (Docket Nos. 206 and 235). The surviving spouse, Liduvina de Jesus Rivera, continues with her case.

-1-

> However, we point out that the Harris decision is not applicable in the instant case since here we have a conversion before confirmation. Thus, we direct the trustee to pay such expenses before returning payments to the Debtor.
> Docket No. 224.

This is the Debtor's third unsuccessful chapter 13 bankruptcy since 2017 and she has accumulated quite a large amount of pre-petition (HOA) fee arrears in the amount of $22,451.88 over a property that she claims as her residence (Claim No. 7-2). The Debtor has failed to pay any post-petition HOA fees since the filing of her latest bankruptcy petition under the guise of proposing that the chapter 13 trustee pay the same through the plan (Docket Nos. 2, 48 and 190). The chapter 13 trustee, from the minutes of the 341 meeting of creditors to present (for more than two and a half years), has required the Debtor to clarify exactly how he was to pay the HOA fees and what amount was to be paid (Docket Nos. 27, 31, 50, 59, 86, 96, 100, 128, 142, 149, 155, 163, 171 and 192)  The Debtor ultimately responded to the trustee's reiterated request for clarification by stating that (1) the HOA claim will be paid in the amount claimed on Claim No. 7-2 (even though the Debtor should know that the claim is for pre-petition amounts and not post-petition amounts); (2) that she is correctly proposing in her plan to pay the HOA after all fees and secured claims, which means no payment until at least May 2025; and (3) the HOA, as an unsecured creditor, is not entitled to payment before confirmation of the plan (Docket No. 214).

The court issued an order to show cause as to why the case should not be dismissed for failure to pay post-petition HOA fees (Docket No. 197).  The Debtor responded by saying that the creditor had not opposed the treatment reflected in the plan, that as a general unsecured creditor it was not entitled to receive pre-confirmation payment and that it was not entitled to receive payment as an administrative claim because it had not requested it nor provided any legal support for it (Docket No. 218).  We point out that as early as March 2, 2022, the HOA filed a motion to dismiss in which it objected to the Debtor's proposed treatment under the plan, lack of inclusion of the HOA fees in Schedule J as a monthly living expense and for failure to pay HOA as an administrative expense (Docket Nos. 20 and 21).  Since the inception of the bankruptcy case, the HOA has vigorously prosecuted its HOA fees regarding post-petition monthly fees and whether its claim for pre-petition fees would be allowed with a secured status.

-2-

We will consider the stay pending appeal under Fed. R. Bankr. P. 8007. A court has substantial discretion to grant or deny a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review. In re Target Graphics, Inc., 372 B.R. 866 (Bankr. E.D.Tenn. 2007). In deciding whether a stay is warranted, a court must consider: "(1) whether the appellant has established a strong showing of likelihood of success on the merits; (2) whether the appellant will be irreparably harmed if the stay is denied; (3) whether a stay will injure the other party; and (4) where the impact on the public interest lies." Elias v. Sumski (In re Elias), 182 F. App'x 3, 4 (1st Cir. 2006) (citing Acevedo-Garcia v. Vera-Monroig), 296 F.3d 13, 16 (1st Cir. 2002). The movant bears the "heavy" burden of satisfying each of the four factors. In re GMC, 409 B.R. 24 (Bankr. S.D.N.Y. 2009). If a party fails to satisfy any one of the four requirements for a stay pending appeal, then the court will be acting within its discretion to deny the stay. In re Dakota Rail, Inc., 111 B.R. 818, 820 (Bankr. D. Minn. 1990). Nonetheless, as expressed by the U.S. District Court for the District of Puerto Rico in a case requesting a stay pending appeal:

> the first two factors 'are the most critical.' Nken v. Holder, 556 U.S. 418, 434 (2009). Because both of these factors 'require a showing of more than mere possibility,' the movants 'must show a strong likelihood of success, and they must demonstrate that irreparable injury will be likely absent . . . [a stay].' Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010).

Candelario-Del Moral v. UBS Fin. Servs., 290 F.R.D. 336, 345 (D.P.R. 2013).

**Likelihood of Success on the Merits**

The Debtor is appealing our order which converts the case to chapter 7 and orders the trustee to pay post-petition HOA fees. She now requests that the bankruptcy court stay the effects of the same; however, her likelihood of success on the merits is low.

Regarding the conversion to chapter 7, the Debtor argues that the case should not have been converted even though she stated that upon the death of the co-debtor, she was unable to continue with the chapter 13 case and that wished to convert the case to one under chapter 7. However, in the ultimate delay tactic, she said that she would need more time to file the paperwork and continue with the process of conversion (Docket No. 218 and 220). Given that

she expressly stated in her motion that she agreed to conversion to chapter 7, the court would not allow the Debtor to continue to delay and highjack the bankruptcy process to avoid paying the monthly post-petition HOA fees in addition to all other creditors already subjected to unreasonable delay. Stevenson v TND Homes I LP, 583 B.R. 573 (1st Cir BAP) 2018.   The court converted the case expeditiously to avoid any potential depletion of property of the estate.

The court inadvertently entered the order granting the voluntary dismissal of the deceased co-debtor after the order for conversion to chapter 7.  Our intention was to grant it before conversion but upon review of the docket, the same was entered on June 28, 2024 (Docket No. 235).

The Debtor also wishes to continue stalling the payment of post-petition HOA fees, which in a chapter 13 are generally paid by listing them on Schedule J as part of a debtor's monthly ongoing expenses. The post-petition HOA fees are not usually included in a chapter 13 plan to be paid by the chapter 13 trustee because it is well known that the trustee may not make disbursements to creditors before confirmation, pursuant to 11 U.S.C. § 1326(a)(2). Consequently, by including this provision in the plan and leaving BLANK the plan month that the trustee was to start disbursements (chapter 13 plan on Docket No. 2), the Debtor must have been aware that the trustee would not pay the HOA fees.

The Debtor's first two chapter 13 plans, in section 8.103 (first plan) and section 8.104(second plan), acknowledge the at the Debtor is obligated to pay the monthly HOA fees pursuant to local law, as follows:

> 8.103 HORIZONTAL PROPERTY DUES, DISCHARGE, AND MODIFICATION LBF G, PART 3, SECTION 3.1
> All horizontal property homeowner's association dues owed prepetition that are not recorded in the property registry over Debtor's real property, as required by Article 59, of Puerto Rico Law 129 of 2020, are unsecured as explained in Vazquez Morales v. Caguas Federal Savings & Loan Association of P.R., 118 D.P.R. 806, (1987), and will be provided as unsecured creditors under section 5.1 of this plan, **notwithstanding that the ongoing obligation to make monthly homeowner's association dues [Article 60, of Puerto Rico Law 129 of 2020] are provided for in section 3.1 of this plan.** Accordingly, upon the entry of the order of discharge, all pre-petition amounts, will be fully satisfied, shall immediately cease to exist and will be forever extinguished and discharged.

Docket Nos. 2 and 48 (our emphasis).

It is disingenuous that the Debtor's third plan filed this year, omitted this section acknowledging an ongoing monthly obligation to pay HOA fees (Docket No. 190).

Even though the post-petition HOA fees are beneficial for the maintenance and preservation of the Debtor's residence, a part of the bankruptcy estate, the same have not been paid during the tenancy of the bankruptcy case. The Debtor has engaged in a consistent pattern of delaying and utilizing circular arguments when questioned by the HOA, the trustee, and the court.  Up until now, the Debtor has successfully thwarted any attempts that require her to pay post-petition HOA which has resulted in an abuse of the bankruptcy process.

Conversion to chapter 7 was the Debtor's wish and the court agrees that it is in the best interest of creditors.  The court properly exercised its discretion to convert the case to chapter 7 in a timely fashion, and not on the timetable of the Debtor.  Furthermore, the Debtor was on notice for at least 60 days that the HOA requested conversion or dismissal of the case (Docket No. 203).  As aforementioned, we do not believe that the Debtor has a likelihood of success on the merits. [2]

**The appellant will be irreparably harmed if the stay is denied.**

The Debtor cannot allege that she will be irreparably harmed if the case stays converted to chapter 7 because she expressly stated that it was her wish to convert to chapter 7 because she no longer was able to prosecute the case in chapter 13.  It appears that what she is really objecting to is the court's timetable of conversion to chapter 7 versus the debtor's dilatory timetable.  Regarding the payment of post-petition HOA fees, the Debtor by her own admission in the plan, accepted that she was obligated to pay the same pursuant to local law.  The post-petition HOA fees are owed and due and it would be an abuse of the bankruptcy process to have

---

[2] The Debtor indicates that the chapter 13 trustee requested reconsideration of the conversion order (Docket No. 252). The trustee informs that he does not have enough funds on hand to pay both the post-petition HOA fees and attorney's fees.  He presents two alternative requests: (1) To vacate the conversion order and determine that all undistributed funds in the hand of the former trustee must be returned to the Debtor; or (2) If the conversion order is not vacated, indicate how the trustee should distribute funds. We point out that if we vacate the conversion order, the trustee would no longer be a former trustee and would not return the funds to the Debtor.  This alternative seems patently flawed. The second alternative will be considered in a separate order indicating that the trustee is to pay the post-petition HOA fees and retain remaining funds, until the court enters an order regarding the applications for compensation.

the debtor enjoy the benefits of bankruptcy and not keep up her end of the bargain. We do not believe that the Debtor satisfies this second requirement either and find it unnecessary to continue considering the last two factors.

The stay pending appeal requested by the Debtor is denied (Docket No. 259).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8 day of August 2024.


_____
MILDRED CABAN FLORES
United States Bankruptcy Judge