IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 21-03520 (MCF)

LIDUVINA DE JESUS RIVERA                         CHAPTER 7

     Debtor

**OPINION AND ORDER**

The Debtor, Luduvina de Jesus Rivera, filed for bankruptcy relief under chapter 13 and subsequently the case was converted to chapter 7. The chapter 13 Trustee filed a motion to vacate our order directing him to pay the homeowner's association its approved administrative fees in the amount of $8,990.00 after the instant case was converted to chapter 7. We pointed out that the Supreme Court decision in Harris v. Viegelahn, 135 S. Ct. 1829 (2015), is inapplicable to this case because the conversion occurred before confirmation of the chapter 13 plan and the Trustee is not barred from deducting administrative fees before returning funds on hand to the Debtor (Docket No. 224). The Trustee disagrees with our position regarding the applicability of Harris to this case and asks us to reconsider our order and allow him to return all monies to the Debtor without deducting administrative fees. Various matters in this case are on appeal at the Bankruptcy Appeal Panel for the First Circuit, but the appellative court denied the Debtor's request for a stay pending appeal in the instant case regarding this issue

-1-

(Docket No. 288). We proceed to resolve the Trustee's motion to vacate order and for the reasons expressed below, we decline to do so.

In the Harris case, the Supreme Court decided that in a chapter 13 case where the plan was confirmed and then converted to chapter 7, the debtor is entitled to the return of post-petition wages that are not yet distributed by the chapter 13 trustee. This conversion terminates the services of the chapter 13 trustee, replaces her with a chapter 7 trustee pursuant to 11 U.S.C. § 348(e) and places the case under chapter 7's governance. The making of payments to creditors under a chapter 13 plan is a core service provided by the chapter 13 trustee and upon conversion to chapter 7, the chapter 13 trustee is stripped of the authority to continue to provide this service. Harris, 135 Sup. Ct. at 1838. Harris discusses the issue in the context of a confirmed chapter 13 case in which the chapter 13 trustee is performing her duties under the plan. Courts are divided on the issue of whether the Harris case applies to pre-confirmation chapter 13 cases that convert to chapter 7. In pre-confirmation cases, the chapter 13 trustee is not yet performing payment to creditors under a confirmed chapter 13 plan.

The courts that hold that the chapter 13 trustee may not make any payments to administrative claims after conversion to chapter 7, argue, in essence, that chapter 13 provisions cease to apply upon conversion to chapter 7 and that nothing in Harris reflects an intent to limit its reach to

confirmed chapter 13 cases only.  In re Montilla, No. 22bk02585, 2022 WL 12165276 (Bankr. N.D. Ill. Oct. 12, 2022). One bankruptcy court resolved that to allow payment of fees in a preconfirmation converted case would ignore the Harris court's sweeping statement that "no chapter 13 provision holds sway" after conversion. In re Lettie, 597 B.R. 637, 646 (Bankr. E.D. Wis. 2019). These cases find that a chapter 13 trustee's services are immediately terminated upon conversion and all monies must be returned to the debtor. In re McCune, 2021 Bankr. LEXIS 3126 (Bankr. D.N.M. 2021); In re Brown, No. 18-00189, 2019 WL 122832 (Bankr. D.D.C. Jan. 7, 2019); In re Ivey, 568 B.R. 85, 90-93 (Bankr. E.D. Ar. 2017).

Other courts hold that Harris does not apply to pre-confirmation chapter 13 cases because the statute, 11 U.S.C. § 1326(a)(2), is clear and unambiguous in a pre-confirmation situation as opposed to the post-confirmation situation, as resolved in the Harris case where the statute failed to provide guidance. Section 1326(a)(2) states:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

11 U.S.C. § 1326(a)(2).

The Harris case dealt with a plan that was confirmed. The second sentence of § 1326(a)(2) reads that "[i]f a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable." The statute provides for no further guidance as to the administrative expenses in the event the case is dismissed or converted after confirmation of the plan.

When a chapter 13 case is dismissed or converted prior to plan confirmation, the third sentence of § 1326(a)(2) governs the payment of administrative expenses.

> [T]he Chapter 13 case in Harris was converted after confirmation….While Harris' language is undeniably broad, and can readily be applied in other contexts when not at odds with provisions of the Bankruptcy Code, the Court does not read the broad language Harris as overriding the plain and unambiguous statutory command in the third sentence of section 1326(a)(2), which by its terms only applies to a case that is fundamentally different than Harris — one where no plan was ever confirmed. Nothing in Harris permits the Trustee or the Court to ignore this statutory command.

In re Arnold, 618 B.R. 822, 823 (Bankr. E.D. Mich. 2020).

Unlike Harris, one court determined that post-conversion responsibilities of the chapter 13 trustee continue to include requiring the

payment of administrative expenses. In re Brandon 537 B.R. 231, 237 (Bankr. D. Md. 2015).

> [Q]uite apart from the post-confirmation/preconfirmation distinction, Harris did not address what a trustee should do about unpaid expenses of administration when a case is converted from Chapter 13 to Chapter 7…. Harris did not state that it was improper for the trustee to have paid these expenses of administration before returning any remaining funds to the debtor...

Arnold, 618 B.R. at 824.

In re Evans resolves that when a Chapter 13 case is converted to Chapter 7 without a plan having been confirmed, Harris is not applicable. In re Evans, 618 B.R. 493, 494 (Bankr. E.D. Mich. 2020).

We agree with the reasoning used by the bankruptcy courts that ruled that Harris is distinguishable because the Supreme Court case applies only to post-confirmation plans in chapter 13 cases.

> [T]the relevant part of section 1326(a)(2) is the third sentence of the statute, which expressly applies only to cases — unlike Harris — where a plan is not confirmed. That sentence tells the trustee, in plain and unambiguous terms, what to do with funds that the trustee holds from payments made by the debtor: 'if a plan is not confirmed . . . the trustee shall return any such payments . . . to the debtor, after deducting any unpaid claim allowed under section 503(b).' The Supreme Court had no occasion in Harris to consider the third sentence of section 1326(a)(2) because, as explained, the conversion in Harris took place after a plan was confirmed.

Arnold,618 B.R. at 823.

The sweeping language that "no Chapter 13 provision holds sway" does not apply in a pre-confirmation scenario because the chapter 13 trustee has the duty to disburse funds to the debtor and to administrative expense claimants.

In addition to these reasons, another important reason Harris does not apply to pre-confirmation chapter 13 cases is that the bankruptcy statue is clear as to the disposition of funds being held by the chapter 13 trustee "if a plan is not confirmed." 11 U.S.C. § 1326(a)(2). A chapter 13 case that "is not confirmed" may result from two different situations - dismissal of the case or conversion to another chapter. In the statute, Congress used the term "not confirmed" which allows for either possibility - the dismissal or the conversion of case. If Congress had used the term "dismissed" in § 1326(a)(2) rather than "not confirmed" then it follows that the Harris case would apply to pre-confirmation chapter 13 cases that are converted to chapter 7; but it chose not to use it. Thus, we understand that the Trustee is mandated by the statute to return monies to the Debtor upon dismissal or conversion, but only after the deduction of administrative expenses. Harris was clearly resolving a chapter 13 dispute in a later stage (post-confirmation) in which there is an absence of guidance from the bankruptcy statute.

For the reasons stated above, <u>Harris</u> does not apply in this case or in any unconfirmed chapter 13 case, and thus the Trustee's motion to vacate order (Docket No. 252) is denied. The chapter 13 Trustee is ordered to pay forthwith the administrative expenses to Consejo de Titulares del Condominio Pine Grove in the amount of $8,990.00 as previously ordered, pursuant to 11 U.S.C. § 1326(a)(2).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of October, 2024.

MILDRED CABAN FLORES
United States Bankruptcy Judge